UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PREMIER ONE HOLDINGS, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BAC HOME LOANS SERVICING LP, a Texas Limited Partnership fka COUNTRYWIDE HOME LOANS SERVICING, et al.,<br><br>Defendants. | Case No. 2:13-cv-01174-MMD-VCF<br><br>ORDER<br><br>(Def's Motion to Dismiss – dkt. no. 8) |

## I. SUMMARY

Before the Court is Defendant Bank of America, N.A.'s ("BANA")[1] Motion to Dismiss ("Motion") (dkt. no. 8). For the reasons set out below, the Motion is granted.

## II. BACKGROUND

In 2006, Michael and Wendy McLaughlin obtained a loan for $275,000 from Countrywide Bank, N.A, which was secured by a deed of trust recorded on August 4, 2006 ("First Deed of Trust"). (Dkt. no. 4-1, Ex. A.)[2] On August 5, 2010, the beneficiary of

---

[1] BANA is the successor by merger to BAC Home Loans Servicing LP ("BAC"). (Dkt. no. 8 at 1.)

[2] BAC has asked this Court to take judicial notice of certain documents in the public record. (Dkt. no. 4.) Plaintiff does not oppose BAC's request. A court may judicially notice matters of public record under Fed. R. Evid. 201. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The Court takes judicial notice of these public records.

the Deed of Trust assigned it to BAC. (Dkt. no. 8 at 5; dkt. no. 4-2, Ex. B.) As the successor by merger to BAC, BANA was the holder of the Deed of Trust when this action was filed. (Dkt. no. 8 at 5.) BANA assigned the Deed of Trust to Green Tree Servicing, LLC ("Green Tree") on May 17, 2013. (*Id.* at 5 n.1.) Green Tree is not a party to this action.

Plaintiff Premier One Holdings, Inc. filed the Complaint in District Court in Clark County, Nevada and BANA removed the action to this Court. (Dkt. no. 1.) Plaintiff alleges that it purchased the real property at issue ("Property") on or about February 8, 2013, at a foreclosure sale on behalf of the Canyon Creek North Homeowners Association ("HOA"). (Dkt. no. 1-2, Ex. A, ¶ 11.) The deed was recorded February 12, 2013 ("Foreclosure Deed"). (*Id.* ¶ 15.) The HOA lien giving rise to the foreclosure sale resulted from unpaid HOA assessments that became delinquent on or about July 18, 2011. (Dkt. no. 4-4, Ex. D.) The notice of sale lists the delinquent amount owed the HOA as $4,293.94. (Dkt. no. 4-8, Ex. H.) According to the Foreclosure Deed, Plaintiff purchased the Property for $13,500. (Dkt. no. 4-9, Ex. I.)

Plaintiff seeks to quiet title and asks the Court to enter an order cancelling all instruments that constitute a claim against the property. (Dkt. no. 1-2 at 6.) BANA moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. no. 8), Plaintiff filed an opposition (dkt. no. 10) and BANA replied (dkt. no. 12).

### III.  STANDING

Plaintiff argues that BANA "lacks standing to pursue this Motion" because the First Deed of Trust was assigned to Green Tree and therefore BANA has no interest in the Property. (Dkt. no. 10 at 6.) The Court disagrees. It is uncontested that BANA is successor by merger to BAC, a named Defendant in this action. Plaintiff has not sought to amend the Complaint to remove BAC as Defendant. As a Defendant in this action, BANA is entitled to present defenses in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b). Plaintiff provides no authority that would suggest otherwise.

///

## IV. DISCUSSION

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory."

*Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**B.   Analysis**

Plaintiff argues that NRS 116.3116 allows for an HOA foreclosure sale to extinguish a first deed of trust. BANA argues that Plaintiff's acquisition of the Property at an HOA foreclosure sale was subject to the first deed of trust. The Court agrees with BANA.

An HOA lien is junior in priority to "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent . . . ." NRS 116.3116(2)(b). NRS 116.3116(2)(c), which carves out a limited exception to NRS 116.3116(2)(b), states that an HOA lien "is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . . ." By the plain language of the statute, NRS 116.3116(2)(c) thus creates a super priority lien only "to the extent of" charges incurred by the HOA pursuant to NRS 116.310312 for the nine (9) months of assessments immediately preceding the foreclosure sale. The remainder of the HOA lien is not given super priority status over the first deed of trust and therefore the first deed of trust is not completely extinguished by an HOA foreclosure sale to collect the super priority portion of the lien. The plain language of NRS 116.3116 thus supports the finding that the entire HOA lien is not given super priority status over the first deed of trust.

Plaintiff argues that this reading of NRS 116.3116 is inequitable because an HOA is forced to wait until the first deed of trust decides to foreclose. In actuality, as Defendants point out, NRS 116.3116 provides an HOA with three options for recovering assessments. (Dkt. no. 12 at 6.) First, the HOA can sue the homeowner to recover the

assessments pursuant to NRS 116.3116(6). Second, the HOA can wait for the holder of the first deed of trust to foreclose and recover the super priority amount of the HOA lien from the "first cut of the proceeds." *See Premier One Holdings, Inc. v. BAC Home Loans Servicing LP*, 2:13-cv-895, 2013 WL 4048573, at *3 (D. Nev. Aug. 9, 2013). Third, the HOA can foreclose and sell the property subject to the first deed of trust. *See id.* (citing *Weeping Hollow Ave. Trust v. Spencer*, 2:13-cv-544, 2013 WL 2296313 (D. Nev. May 24, 2013); *First 100, LLC v. Wells Fargo Bank, N.A.*, 2:13-cv-431, 2013 WL 3678111 (D. Nev. July 11, 2013)). Plaintiff further argues that the first deed of trust could step in and foreclose at the last minute after the HOA has expended resources preparing the unit for foreclosure. In such a circumstance, however, the HOA would still be able to recover their assessments by virtue of the super priority portion of the HOA lien. *See Premier One*, 2013 WL 4048573 at *3.

Even if the Court were to look past the plain text of the statute, however, Plaintiff's interpretation would yield an absurd result in this case. "[A] statute's language should not be read to produce absurd or unreasonable results." *Leven v. Frey*, 168 P.3d 712, 716 (2007). The HOA's notice of sale stated that the HOA was owed $4,293.94 in delinquent assessments. (Dkt. no. 4-8, Ex. H.) Assuming that the $4,293.94 amount is covered by the super priority portion of the HOA lien, Plaintiff's reading of NRS 116.3116 would allow the HOA to extinguish a $275,000 first deed of trust to recover roughly 1% of that amount. The state legislature could not have intended such a result.

This Court has previously held that a plaintiff's acquisition of property at an HOA foreclosure sale is subject to the first deed of trust, with the exception of a super priority to recover nine (9) months of HOA assessments. *See LVDG, LLC v. Gomez*, 3:13-cv-463 (D. Nev. Mar. 5, 2014). Indeed, the majority of cases in the District of Nevada have held that an HOA's super priority lien does not extinguish a first position deed of trust. *See, e.g., Rainbow Bend Homeowners Ass'n v. Wilder*, 3:13-cv-7, 2014 WL 132439 (D. Nev. Jan. 10, 2014); *Trust v. JPMorgan Chase Bank, N.A.*, 2:13-cv-966, 2013 WL 6528467 (D. Nev. Dec. 11, 2013); *Salvador v. Nat'l Default Servicing Corp.*, 2:13-cv-

1011, 2013 WL 6019211 (D. Nev. Nov. 13, 2013); *Premier One*, 2013 WL 4048573; *First 100*, 2013 WL 3678111; *Kal–Mor–USA, LLC v. Bank of Am., N.A.*, 2:13-cv-680, 2013 WL 3729849 (D. Nev. July 8, 2013); *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, 2:13-cv-164, 2013 WL 2460452 (D. Nev. June 6, 2013); *Weeping Hollow*, 2013 WL 2296313; *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, 2:12-cv-949, 2013 WL 531092 (D. Nev. Feb. 11, 2013). Plaintiff does not present controlling authority to the contrary.[3]

"In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Wensley v. First Nat'l Bank of Nev.*, 874 F. Supp. 2d 957, 966 (D. Nev. 2012). As the HOA foreclosure sale did not extinguish the Deed of Trust, Plaintiff has failed to allege any facts to support a claim for quiet title. This case is therefore dismissed.

### V. CONCLUSION

It is hereby ordered that Defendants' Motion to Dismiss (dkt. no. 8) is granted.

DATED THIS 14th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] The Court is aware of state court decisions that reach a different conclusion but these decisions are not controlling authority and the Court respectfully disagrees with these decisions.